UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW FAIMAN,

    Plaintiff,

Vs.                                        Case No.

WILLIAM DAVIDSON,

    Defendant.

_____/

### **PLAINTIFF'S COMPLAINT FOR NEGLIGENCE (VICARIOUS LIABILITY) & DEMAND FOR JURY TRIAL**

Plaintiff, ANDREW FAIMAN ("Plaintiff" or "Faiman"), sues Defendant, WILLIAM DAVIDSON ("Defendant" or "Davidson"), and alleges as follows:

I. JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000, exclusive of interest, attorneys' fees, and costs.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because:

   - Plaintiff is a citizen of Florida;
   - Defendant is a citizen of Massachusetts; and
   - The amount in controversy exceeds $75,000.

3. Venue is proper in the Fort Myers Division of the Middle District of Florida under 28 U.S.C. § 1391 because the acts and omissions giving rise to this action occurred in Lee County, Florida, within this Division.

II. PARTIES

4. At all times material hereto, Plaintiff ANDREW FAIMAN was a resident of Miami-Dade County, Florida.

5. At all times material hereto, Defendant WILLIAM DAVIDSON was a resident of Massachusetts and an owner of the motor vehicle involved in the subject collision as described below.

III. GENERAL ALLEGATIONS

6. On or about March 30, 2024, a motor vehicle collision occurred at or near the intersection of Hole-In-One Circle and Lakewood Boulevard, Fort Myers, Lee County, Florida (the "Subject Crash").

7. At the time of the Subject Crash, a white 2017 Jeep Cherokee, VIN No. 1C4PJMCS7HW658147, bearing Massachusetts license plate 1YWZ49 (the "Defendant Vehicle"), was being operated by Kathleen Rose Davidson.

8. At all times material, William Davidson was an owner of the Defendant Vehicle.

9. At all times material, Kathleen Rose Davidson was operating the Defendant Vehicle with the knowledge and permission of William Davidson.

10. At the time of the Subject Crash, Plaintiff was lawfully operating a bicycle and was negotiating a crosswalk at the subject intersection.

11. While Plaintiff was within the crosswalk, the Defendant Vehicle struck Plaintiff, causing him to be thrown from his bicycle.

12. The collision was caused by the negligent operation of the Defendant Vehicle by Kathleen Rose Davidson.

## IV. COUNT I: NEGLIGENCE – VICARIOUS LIABILITY

Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein.

13. At all times material, the Defendant Vehicle constituted a dangerous instrumentality under Florida law.
14. At all times material, William Davidson, as an owner of the Defendant Vehicle, entrusted and permitted Kathleen Rose Davidson to operate the vehicle.
15. Kathleen Rose Davidson negligently operated the Defendant Vehicle, including but not limited to:

- Failing to keep a proper lookout;
- Failing to yield the right-of-way to a bicyclist lawfully within a crosswalk;
- Failing to operate the vehicle with reasonable care under the circumstances; and
- Striking Plaintiff while he was lawfully within the crosswalk.

17. Under Florida's dangerous instrumentality doctrine, Defendant William Davidson is vicariously liable for the negligent operation of the Defendant Vehicle by Kathleen Rose Davidson.
18. As a direct and proximate result of the negligence described above, Plaintiff suffered:

- Bodily injury and resulting pain and suffering;
- Disability and disfigurement;
- Loss of capacity for the enjoyment of life;
- Past and future medical expenses;
- Past and future lost wages and loss of earning capacity; and
- Aggravation of pre-existing conditions.

19. Plaintiff's injuries are permanent or continuing in nature, and Plaintiff will suffer damages in the future.

V. DAMAGES

20. Plaintiff seeks compensatory damages in excess of $75,000, exclusive of interest, attorneys' fees, and costs.

VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

WHEREFORE Plaintiff, ANDREW FAIMAN, demands judgment against Defendant, WILLIAM DAVIDSON, for:

- Compensatory damages;
- Pre-judgment interest as allowed by law;
- Costs of suit; and
- Such other and further relief as this Court deems just and proper.

**Plaintiff anticipates filing a prompt Motion to Consolidate this action with Case No. 2:25-cv-00674-KCD-DNF pursuant to Fed. R. Civ. P. 42(a) once this case is properly "before the court".**

Respectfully submitted on February 24, 2026.

Respectfully Submitted,

/s/Crystal Sebago
FBN: 45109
ATTORNEYS FOR PLAINTIFF
CRYSTAL SEBAGO, P.A.
Post Office Box 271650
Tampa, FL 33688
Telephone: (813) 391-0716
Facsimile: (813) 315-7358
Primary: Crystal@CrystalSebago.com